**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT A. DOZIER,
Plaintiff-Appellant,

v.

BERNARD F. FORD, Correctional
Officer II; LEE R. CARTER,
Correctional Officer III; GREGORY
TAYLOR, Correctional Officer II;
MALCOLM REDD, Correctional                No. 95-7037
Officer I; ANTHONY SMITH,
Correctional Officer II,
Defendants-Appellees,

and

LIEUTENANT MORGAN; SERGEANT
AUSTEN,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge;
John R. Hargrove, Senior District Judge.
(CA-93-1668-HAR)

Submitted: March 26, 1996

Decided: April 17, 1996

Before HALL and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Robert A. Dozier, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Amy Kushner Kline, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert A. Dozier appeals from a magistrate judge's* order denying relief on his 42 U.S.C. § 1983 (1988) complaint. We have reviewed the record and the magistrate judge's order, and find no reversible error.

Dozier alleged that various correctional officers used excessive force when they forcibly extracted him from his cell. After a bench trial the magistrate judge made the following findings. Dozier was issued two notices of infraction on May 28, 1993. As a result of the infractions, Dozier was ordered to be placed in administrative segregation. When Dozier refused to be handcuffed for his transfer, an extraction team was assembled to transport Dozier to administrative segregation. Dozier resisted and the officers used limited force to extract Dozier. Further, Dozier's injuries, although not de minimis, were far less severe than those he would have received had he been subjected to the force that he claimed was used. Finally, due to several inconsistencies in Dozier's version of the events, the magistrate judge found Dozier not to be entirely credible.

_____

*All parties consented to a trial by a magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1993).

2

We reject Dozier's claim that he was subjected to excessive force during this incident because the magistrate judge's findings of fact are not clearly erroneous. Further, those findings support the legal conclusion that the Defendants did not apply force maliciously and sadistically for the very purpose of causing harm. <u>Williams v. Benjamin</u>, ___ F.3d ___, 1996 WL 95108 (4th Cir. Mar. 6, 1996) (No. 94-7122).

We, accordingly, affirm the judgment of the magistrate judge. Because the appeal presents no complex issues, we deny Dozier's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>